This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

>    **Plaintiff-Appellee,**

v.                                                          **NO. 29,007**

**JOE MICHAEL VILLALBA,**

>    **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Mike Murphy, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals from his convictions for driving while intoxicated, driving with a suspended or revoked license, and failure to maintain a traffic lane. In this

Court's notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition. We have considered Defendant's arguments, and as we are not persuaded by them, we affirm.

Defendant contends that there was insufficient evidence to support his convictions because there was evidence presented at trial that it was his girlfriend, and not he, who was driving. In reviewing the sufficiency of the evidence, we must view the evidence in the "light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Garcia*, 114 N.M. 269, 274, 837 P.2d 862, 867 (1992) (internal quotation marks and citation omitted). "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789.

Defendant asserts that there was insufficient evidence to support his convictions because the police officer's video of the traffic stop showed Defendant's girlfriend in the driver's seat, suggesting that she, rather than Defendant had been driving the

vehicle. [DS 1-2] In our notice of proposed summary disposition, we proposed to affirm because the officer testified that he saw Defendant and his girlfriend switching seats as the vehicle was being stopped, even though the video did not capture Defendant and his girlfriend switching seats. [DS 2] We stated that although Defendant asserted that the officer could not have seen Defendant changing seats, it was for the jury to evaluate the officer's credibility and to resolve any potential conflict between the officer's testimony and the videotape. *See State v. Ortiz-Burciaga*, 1999-NMCA-146, ¶ 22, 128 N.M. 382, 993 P.2d 96 (stating that it is the "exclusive province of the jury to resolve factual inconsistencies" in the evidence presented at trial (internal quotation marks omitted)); *State v. Sosa*, 2000-NMSC-036, ¶ 8, 129 N.M. 767, 14 P.3d 32 (observing that the "credibility of witnesses is for the jury" to decide). Therefore, we proposed to conclude that a reasonable juror could have concluded that the video evidence simply did not show everything that occurred, either because the video recorder was turned on after Defendant and his girlfriend switched seats, or because the switch was not visible on the video.

In Defendant's memorandum in opposition, he asserts that this Court should assign the case to the general calendar in order to review the videotape and determine whether the officer's testimony was credible in light of what the videotape shows.

Defendant's argument essentially asks this Court to re-weigh the evidence, which is not our function on appeal. The officer testified that he saw Defendant switching from the driver's seat to the passenger's seat, and this evidence was sufficient to support a conclusion that Defendant was driving. Accordingly, we conclude that Defendant's arguments do not warrant assignment to the general calendar.

Therefore, for the reasons stated in this opinion and in the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**JAMES J. WECHSLER, Judge**

**ROBERT E. ROBLES, Judge**